IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CHATLEY YANCIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NUMBER: |
| vs. | ) CV-19 |
| | ) JURY DEMAND |
| | ) |
| BLUE BIRD BODY COMPANY, | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

### I.    JURISDICTION

1.    This is an action alleging disability discrimination in violation of Title I of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 *et seq.* ("§504"), brought by Plaintiff Chatley Yancie ("Yancie") against Defendant Blue Bird Body Company ("Blue Bird").   Plaintiff is seeking injunctive relief pursuant to Title I of the American's With Disabilities Act against the Defendant.   Plaintiff is seeking injunctive, equitable and monetary relief pursuant to the Rehabilitation Act of 1974, §504, against the Defendant.

2.    Plaintiff is also bringing this case against Defendant pursuant to 42 U.S.C. §1981. The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. §1981 providing for injunctive and other relief against retaliation in employment.

3.    Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. §12117.   Plaintiff timely filed her charge of discrimination within 180 days of

1

occurrence of the last discriminatory act.   Plaintiff also timely filed this complaint within ninety (90) days of the receipt of a Notice of Right to Sue issued by the Equal Employment Opportunity Commission.

4. Any and all of Plaintiff's §1981 claims do not require the filing of an EEOC Charge.

## II.   PARTIES

5. Plaintiff, Chatley Yancie, is a citizen of the United States and a resident of Americus, Georgia.   At all times relevant to this lawsuit, plaintiff was employed with Defendant at its Fort Valley, Georgia location.

6. Defendant, Blue Bird Body Company, is an employer pursuant to 42 U.S.C. §12111(5) and is doing business in the State of Georgia.

## III.   FACTUAL ALLEGATIONS

7. The plaintiff adopts and incorporates by reference the allegations contained in paragraphs 1-6 above.

8. Plaintiff began her employment with Defendant on July 20, 2015 as a dash installer/inspector.   Plaintiff remained in this position until her termination on September 5, 2018.

9. Plaintiff is a person with a disability.

10. The plaintiff always provided paperwork from her physician and/or notified management when she would be out due to her disability.

11. Plaintiff was on continuous medical leave during October and November 2016, intermittent times during 2017 and again in 2018 due to her medical condition(s) concerning her feet.

12. On September 5, 2018, while on authorized FMLA, the plaintiff was terminated from her employment.

13. Defendant terminated the plaintiff for "no call, no show." However, Defendant was aware of Plaintiff's disability and FMLA at the time of her termination.

## IV. CAUSES OF ACTION

### A. COUNT ONE - SECTION 504 OF THE REHABILITATION ACT OF 1973 CLAIM AGAINST DEFENDANT

14. As detailed in the above factual allegations, Plaintiff is a person with a disability, has a history of a disability, and Defendant regarded Plaintiff as disabled pursuant to the Rehabilitation Act. Defendant was aware of all of her medical conditions during Plaintiff's employment.

15. The Defendant is an employer in accordance with 42 U.S.C. §12111(5), a public entity in accordance with 42 U.S.C. §12131(1), and receives federal financial assistance pursuant to §504.

16. Plaintiff is a qualified individual as defined under the Rehabilitation Act. Despite Plaintiff's disability, with or without reasonable accommodation, she was able to perform the essential functions of her job of dash installer/inspector. 29 U.S.C. §794; *see* 42 U.S.C. §12111.

17. Under the Rehabilitation Act, the Defendant is prohibited from discriminating against Plaintiff, a qualified individual, on the basis of disability, her record of disability or its perception of her as disabled related to reasonable accommodations, FMLA, evaluations, job/work assignments, time off, or work environment.

18. The defendant intentionally, maliciously, and with reckless indifference discriminated against the plaintiff because of her actual or perceived disability or her record of a

disability.

19. Defendant violated the Rehabilitation Act by terminating her employment while she was out on approved FMLA.

20. The plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, compensatory damages and injunctive and declaratory relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

21. As a result of Defendant's actions, the plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, compensation and other benefits and conditions of employment. Additionally, the plaintiff has suffered injury, including pain, humiliation, mental anguish and suffering and loss of enjoyment of life.

### B. COUNT TWO - RETALIATION AGAINST DEFENDANT PURSUANT TO 42 U.S.C. §1981

22. Plaintiff was on continuous medical leave during October and November 2016, during 2017, and again in 2018 due to her medical condition(s) concerning her feet.

23. Plaintiff was on approved FMLA leave from August 27, 2018 until August 31, 2018 when she was terminated by Defendant.

24. Defendant's proffered reason for Plaintiff's termination was pretext for retaliation for the plaintiff taking continuous leave during her employment.

25. The plaintiff seeks to redress the wrongs alleged herein in this suit for injunctive and a declaratory judgment. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court and is seeking to be reinstated to any and all positions she is qualified to hold.

26. As a result of the defendant's actions, the plaintiff has suffered extreme harm, including, but not limited to, loss of wages, employment opportunities and extreme mental anguish.

## V. **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of the plaintiff as secured by the Americans with Disabilities Act (ADA), 42 U.S.C. §12102 and 42 U.S.C. §1981.

2. Grant the plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate the Act of Congress known as the Americans with Disabilities Act (ADA), 42 U.S.C. §12102 and 42 U.S.C. §1981.

3. Grant the plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant from continuing to violate and the Acts of Congress known as the Rehabilitation Act, 42 U.S.C. §12101 *et seq*. and 42 U.S.C. §1981.

4. Enter an Order requiring the defendant to make the plaintiff whole in awarding her reinstatement, any lost position(s) and/or lost wages she would have earned in the absence of disability and retaliation, back-pay (plus interest), declaratory and injunctive relief, compensatory and punitive damages, nominal damages, lost seniority, benefits, and lost pension.

4. The plaintiff further prays for such other relief and benefits as the cause of justice

may require, including, but not limited to, an award of costs, attorney's fees and expenses.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY
ON ALL CLAIMS**

        Respectfully submitted,

        /s/ William Gregory Dobson, Esq.
        William Gregory Dobson, Esq.
        Georgia Bar No. 237770
        A. Danielle McBride, Esq.
        Georgia Bar No. 800824
        LOBER & DOBSON, LLC
        830 Mulberry Street, Ste. 201
        Macon, Georgia 31201
        Telephone: (478) 745-7700
        Facsimile: (478) 745-4888
        wgd@lddlawyers.com
        admcbride@lddlawyers.com

        Gregory O. Wiggins (*pro hac vice* to be filed)
        WIGGINS, CHILDS, PANTAZIS
            FISHER & GOLDFARB, LLC
        The Kress Building
        301 19th Street North
        Birmingham, Alabama 35203
        205/314-0500

        *Counsel for Plaintiff*

**DEFENDANT'S ADDRESS:**

Blue Bird Body Company
c/o Charles Jeffrey Liipfert, Reg. Agent
202 Central Avenue
Fort Valley, Georgia 31030