**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| CHATLEY YANCIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:19-cv-00174-LAG |
| ) | |
| BLUE BIRD BODY COMPANY, ) | |
| ) | |
| Defendant. ) | |

**ANSWER**

COMES NOW Blue Bird Body Company (hereinafter "Defendant"), by and through undersigned counsel, Constangy, Brooks, Smith & Prophete, LLP, and makes its Answer to the Complaint herein as follows:

**FIRST DEFENSE**

In answer to the specific allegations of the Complaint, Defendant responds as follows:

**I.     JURISDICTION**

1.     In response to the allegations contained in Paragraph 1 of the Complaint, Defendant admits only that Plaintiff purports to bring claims under Title I of the Americans with Disabilities Act (the "ADA"), as amended, 42 U.S.C. §§ 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §§ 794 *et seq.* Defendant denies all remaining allegations contained in Paragraph 1 and specifically denies that it violated the ADA or Section 504.

2.     In response to the allegations contained in Paragraph 2 of the Complaint, Defendant admits only that Plaintiff purports to bring claims under the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1981, 42 U.S.C. § 1981 (Section 1981), which come within the jurisdiction of

the United States district courts pursuant to 28 U.S.C. § 1331.  Defendant denies all remaining allegations contained in Paragraph 2 and specifically denies that it violated Section 1981.

3. In response to the allegations contained in Paragraph 3 of the Complaint, the allegations contained therein consist of conclusory statements of law or fact that do not require a response. To the extent a response is required, Defendant specifically denies that it violated the ADA and denies all remaining allegations contained therein.

4. In response to the allegations contained in Paragraph 4 of the Complaint, the allegations contained therein consist of conclusory statements of law or fact that do not require a response. To the extent a response is required, Defendant specifically denies that it violated Section 1981 and denies all remaining allegations contained therein.

## II.   PARTIES

5. In response to the allegations contained in Paragraph 5 of the Complaint, Defendant admits only that Plaintiff was employed by Defendant from July 20, 2015 to September 5, 2018 in Fort Valley, Georgia. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 5 of the Complaint, and accordingly denies same.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

## III.   FACTUAL ALLEGATIONS

7. In response to the allegations contained in Paragraph 7 of the Complaint, Defendant adopts and incorporates by reference its responses to Paragraphs 1 through 6 above, as if fully stated herein.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Complaint, and accordingly denies same.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits only that Plaintiff was granted medical leave on various occasions due to a medical condition concerning her feet. Defendant denies any remaining allegations contained in Paragraph 11 of the Complaint.

12. In response to the allegations in Paragraph 12 of the Complaint, Defendant admits only that Plaintiff was terminated on September 5, 2018. Defendant denies the remaining allegations contained in Paragraph 12.

13. In response to the allegations in Paragraph 13 of the Complaint, Defendant admits only that Plaintiff was terminated for failing to adhere to call out policies and procedures. Defendant denies the remaining allegations contained in Paragraph 13.

## IV.    CAUSES OF ACTION

### A.    COUNT ONE – SECTION 504 OF THE REHABILITATION ACT OF 1973 CLAIM AGAINST DEFENDANT

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16. In response to the allegations contained in Paragraph 16 of the Complaint, the allegations contained therein consist of conclusory statements of law or fact that do not require a response. To the extent a response is required, Defendant denies.

17. In response to the allegations contained in Paragraph 17 of the Complaint, the allegations contained therein consist of conclusory statements of law or fact that do not require a response. To the extent a response is required, Defendant denies.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. In response to the allegations contained in Paragraph 20 of the Complaint, the allegations contained therein consist of conclusory statements of law or fact that do not require a response. To the extent a response is required, Defendant denies.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

**B.     COUNT TWO – RETALIATION AGAINST DEFENDANT PURSUANT TO 42 U.S.C. §1981**

22. Defendant admits only that Plaintiff was granted medical leave on various occasions due to a medical condition concerning her feet. Defendant denies any remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits only that Plaintiff was approved for intermittent FMLA leave as necessary in 2018. Defendant denies any remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies any and all allegations which may be contained in Plaintiff's Complaint except such allegations that are specifically admitted in its responses set forth in paragraphs 1 through 26 above.

### V.     PRAYER FOR RELIEF

Defendant denies any and all allegations which may be contained under Plaintiff's prayer for relief, including subparagraphs (1) through (5)[1], and further denies that Plaintiff is entitled to the relief prayed for or to any other relief.

---

[1] Plaintiff's Complaint contains a numerical error on Page 5 in the Prayer for Relief. The number "4" is listed twice, with the second "4" responded to by Defendant as number "5".

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Defendant's actions with respect to Plaintiff's employment were premised upon legitimate, nondiscriminatory and non-retaliatory reasons.

## FOURTH DEFENSE

Defendant's actions with respect to Plaintiff's employment were based upon reasonable factors other than any disability and/or alleged protected activities.

## FIFTH DEFENSE

Defendant would have taken the same actions without regard to Plaintiff's alleged disability, and/or alleged protected activities.

## SIXTH DEFENSE

To the extent that Plaintiff alleges acts or omissions occurring more than 180 days prior to the date on which Plaintiff filed her Charge of Discrimination with the EEOC, her ADA claims are barred.

## SEVENTH DEFENSE

At all times relevant hereto, Defendant had a specific policy against unlawful

discrimination and harassment in the work place and such policy was well-known to its employees and contractors.

## EIGHTH DEFENSE

To the extent Plaintiff complained to Defendant about alleged unlawful treatment, Defendant took immediate and adequate steps to investigate Plaintiff's complaints.

**NINTH DEFENSE**

Plaintiff has not suffered any legally cognizable damages.

**TENTH DEFENSE**

Plaintiff has failed to mitigate any damages that he may have suffered.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to compensatory or punitive damages arising from her claims because Defendant did not intentionally discriminate or act with malice or reckless disregard for Plaintiff's federally protected rights, regardless of the ultimate lawfulness of its actions.

**TWELVETH DEFENSE**

Plaintiff's right to recover compensatory and punitive damages under the ADA, as amended, is limited by and subject to the provisions of 42 U.S.C. §§ 12101 *et seq.*

**THIRTEENTH DEFENSE**

Plaintiff cannot establish a prima facie case of disability discrimination or retaliation.

**FOURTEENTH DEFENSE**

Defendant cannot be held liable for acts of its employees that it neither participated in, nor authorized, nor ratified.

**FIFTEENTH DEFENSE**

Defendant acted in good faith, and without malice or ill will.

**SIXTEENTH DEFENSE**

To the extent Defendant learns that Plaintiff violated any additional policies or procedures or otherwise participated in actions warranting termination subsequent to her termination, her claims are barred under the theory of after-acquired evidence.

**SEVENTEENTH DEFENSE**

Defendant reserves the right to plead other affirmative defenses which may become known during its continuing investigation and during discovery in this case.

WHEREFORE, Defendant respectfully requests that:

(a) The Complaint be dismissed;

(b) Judgment be entered for Defendant;

(c) Plaintiff take nothing;

(d) Defendant be awarded its costs in defending this matter; and

(e) Defendant be awarded such other and further relief as this Court deems proper.

Respectfully submitted this 3rd day of December, 2019.

           CONSTANGY, BROOKS, SMITH
           & PROPHETE, LLP


           /s/ Alyssa K. Peters
           ALYSSA K. PETERS
           Georgia Bar No. 455211
           PATRICIA-ANNE UPSON
           Georgia Bar No. 564294

577 Mulberry St., Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600
apeters@constangy.com
pupson@constangy.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day I have electronically filed the foregoing ANSWER with the Clerk of Court using the CM/ECF system, which will automatically serve the following attorneys of record:

William Gregory Dobson, Esq.
A. Danielle McBride
Lober & Dobson, LLC
830 Mulberry St., Suite 201
Macon, GA 31201

Gregory O. Wiggins
Wiggins, Childs, Pantazis, Fisher & Goldfarb, LLC
The Kress Building
301 19th St., North
Birmingham, AL 35203

Dated this 3rd day of December, 2019.

                                              CONSTANGY, BROOKS, SMITH
                                              & PROPHETE, LLP


                                              /s/ Alyssa K. Peters
                                              ALYSSA K. PETERS
                                              Georgia Bar No. 455211

577 Mulberry Street, Suite 710
P.O. Box 1975
Macon, GA 31202-1975
(478) 750-8600